UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| EDWARD M. HAMPTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:14 CV 379 |
| | ) |
| JUDGE WILLIAM C. FEE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

Edward M. Hampton, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE #1.) Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The court applies the same standard as when deciding a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. The court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Hampton's lawsuit stems from a Steuben County criminal case in which he pled guilty to possession of methamphetamine. Hampton complains that, although he made it known that he wanted to proceed to trial without any continuances, the prosecutor, the presiding judge and Hampton's appointed public defender met and agreed to a five-month continuance of the trial date. As a result of this continuance, Hampton alleges his constitutional rights have been violated.

He first sues Judge William C. Fee, who presided over the case. Hampton's claim cannot proceed, because the judge is entitled to absolute immunity for his actions taken in connection with Hampton's criminal case. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) (a judge is entitled to absolute immunity for judicial acts regarding matters within his jurisdiction, even if the judge's "exercise of authority is flawed by the commission of grave procedural errors."). This is true even if Hampton believes the judge acted improperly; his remedy was through the state appellate process, not a civil rights suit seeking damages. *See id.*

Hampton next sues his court-appointed public defender, who allegedly provided ineffective assistance prior to and during trial, resulting in his conviction and incarceration. This claim is also foreclosed. The United States Constitution only protects against acts of defendants acting under color of state law, *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006), and the Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

Furthermore, to the extent Hampton is seeking some type of order or relief declaring that his Sixth Amendment rights were violated in the criminal case, he can only seek such relief in a habeas action brought under 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement). Accordingly, this claim must also be dismissed.

Hampton also brings suit against the Steuben County prosecutor. Such a claim is barred because the prosecutor has immunity for his actions taken in Hampton's criminal case. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Accordingly, this claim must be dismissed as well.

As a final note, because Hampton has no plausible claim, his motion for appointment of counsel [DE #3] is **DENIED AS MOOT**.

For these reasons, the court **DISMISSES** this action pursuant to 28 U.S.C. § 1915A.

                              **SO ORDERED.**

Date: December 10, 2014

                              s/ James T. Moody
                              JUDGE JAMES T. MOODY
                              UNITED STATES DISTRICT COURT